```
       IN THE UNITED STATES DISTRICT COURT
    FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
```

**CHARLESTON**

**WILLIAM EARL CLINE,**

    **Petitioner,**

v.                                              Case No. 2:01-cv-00295

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex[1],**

    **Respondent.**

## MEMORANDUM OPINION AND ORDER

On October 4, 2007, Petitioner filed an "Answer to Respondent's Memorandum of Law and Motion for Summary Judgment," with accompanying exhibits. These documents have not been docketed because both Petitioner's brief and the exhibits in support thereof contain information which should be redacted in accordance with the policy of the Judicial Conference of the United States and the E-Government Act of 2002. In particular, the court is concerned that the names of the minor victims involved in Petitioner's prosecution for sexual assault and sexual abuse (even though they are now no longer minors) should be redacted because these files are now accessible to the general public in an electronic format on the court's electronic docketing system. After reviewing other documents filed in this matter, the undersigned has determined that

---

[1] David Ballard is now the Warden at the Mount Olive Correctional Complex. The Clerk is directed to modify the docket sheet accordingly.

some of the exhibits filed in support of Respondent's Motion for Summary Judgment also contain the minor victims' full names.

On April 14, 2003, the judges of this United States District Court entered a "General Order Addressing Judicial Conference Privacy Policy Regarding Public Access to Electronic Case Files." The General Order states:

> In compliance with the policy of the Judicial Conference of the United States, and the E-Government Act of 2002, and in order to promote electronic access to case files while also protecting personal privacy and other legitimate interests, <u>parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all pleadings filed with the court, including exhibits thereto, whether filed electronically, or in paper, unless otherwise ordered by the Court</u>.
>
> a. **Social Security numbers.** If an individual's social security number must be included in a pleading, only the last four digits of that number shall be used.
>
> b. **Names of minor children.** <u>If the involvement of a minor child must be mentioned, only the initials of the child shall be used</u>.
>
> c. **Dates of birth.** If an individual's date of birth must be included in a pleading, only the year should be used.
>
> d. **Financial account numbers.** If financial account numbers are relevant, only the last four digits of these numbers shall be used.
>
> In compliance with the E-Government Act of 2002,<u> a party wishing to file a document containing the personal data identifiers listed above may file an unredacted document under seal. This document shall be retained by the court as part of the record. The court will require the party to file a redacted copy for the public file</u>.
>
> <u>The responsibility for redacting these personal identifiers rests solely with counsel and the parties.</u>

<u>The Clerk will not review each pleading for compliance with this rule</u>.

(Emphasis added).

Although the state court records used as exhibits in this case are matters of public record, available to the public in the clerk's offices of those courts, this appears to be the first time that such records would be available to the public in an electronic format, via the internet.  Thus, electronic access to such information by the public, in its present form, runs afoul of the Court's General Order, the policy of the Judicial Conference, and the E-Government Act of 2002.

The United States Supreme Court has held that the press and the public have a common law right of access to judicial documents. See <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589 (1978).  The United States Court of Appeals has also held that "the press and public enjoy a qualified common law right of access, but not a First Amendment right, to judicial records."  <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424, 429 (4th Cir. 2005). In <u>Buchanan</u>, the Court stated:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. [<u>In re Washington Post Co.</u>, 807 F.2d 383, 390 (4th Cir. 1986).]  The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." [<u>Baltimore Sun Co. v. Goetz</u>, 866 F.2d 60, 65-66 (4th Cir. 1989].  If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include

>    giving the public access to some of the documents or
>    releasing a redacted version of the documents . . . .

Id.

The undersigned **FINDS** that the full names of the minor victims involved in Petitioner's state criminal prosecution are mentioned throughout the exhibits filed by both parties, and that granting full public access to those exhibits would violate the E-Government Act of 2002, the policy of the Judicial Conference of the United States, and the General Order of this Court.  In order to comply with this authority, it is hereby **ORDERED** that the exhibits in support of Respondent's Motion for Summary Judgment (that is, all of the attachments to docket sheet document # 20, but not the Motion for Summary Judgment itself), and the exhibits in support of Petitioner's "Answer to Respondent's Memorandum of Law in Support of and Motion for Summary Judgment" (hereinafter "Petitioner's Response"), which have not yet been docketed, be **FILED UNDER SEAL**, with limited access granted to the court, the parties herein, and their counsel.

There also appears to be one page in Petitioner's Response in which the minor victims' names are mentioned.  That page is the "Index," which appears at page two of the document.  The undersigned's staff has redacted the minor victims's full names wherever they may appear on that page and replaced their names with the initials "Mo. W." and "Mi. W."  The Clerk is hereby **ORDERED** to

file Petitioner's Response in its redacted form. There appear to be no references using the victims' names in Respondent's Motion for Summary Judgment or the Memorandum of Law in support thereof, which were previously filed on July 19, 2007.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Petitioner and counsel of record. The undersigned has also published this Memorandum Opinion and Order on the Court's website.

    ENTER:    December 7, 2007

                                              Mary E. Stanley
                                              United States Magistrate Judge